# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUNE GARRETT<br><br>Plaintiff,<br><br>v.<br><br>PENNYMAC LOAN SERVICES, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:18-CV-00718<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before this Court is a Report and Recommendation ("R&R") issued by Magistrate Judge Saporito. June Garrett ("Plaintiff") filed several objections to the R&R claiming that Magistrate Judge Saporito failed to consider ongoing violations of her due process rights when he recommended denying her Motion for a Temporary Restraining Order and Preliminary Injunction. I will adopt Magistrate Judge Saporito's Report and Recommendation and deny Plaintiff's Motion because she has failed to properly document that she will experience irreparable harm absent injunctive relief.

## I. Background

### A.  Factual History

In August 2010, Defendant JPMorgan Chase Bank N.A. ("Chase") initiated a foreclosure proceeding on the home of Plaintiff and her husband, Lundes Garrett, located at 8 Rose Drive, Saylorsburg PA 18353.[1] (*Doc*. 9, at 2.) The home was sold at sheriff's sale on July 29, 2016 and Plaintiff and her husband were forcibly removed on March 28, 2018. (*Doc*. 10, at 3.)

According to the *pro se* Memorandum in Support filed by Plaintiff, she and her husband had executed a mortgage agreement with Wachovia Corporation in August 2003.

---

[1] This property is also referred to as the property located at 127 Rose Drive, Saylorsburg PA 187353 (*Doc.* 9, at 14.)

(*Doc.* 9, at 7.) The parties dispute the events of the acquisition, but eventually Chase obtained ownership of the mortgage. The property purchased with the proceeds of this mortgage–8 Rose Drive Saylorsburg, PA 18353–was foreclosed on by Chase in August 2013. (*Doc.* 34-2, at 2.) Plaintiff believes this foreclosure resulted from a fraudulent mortgage assignment. Supporting this theory, Chase was required to delay the foreclosure proceeding as a result of an on-going federal investigation.[2] (*Doc.* 9, at 9.) Despite this, Chase resumed its foreclosure proceeding in July 2013. Prior to the completion of foreclosure Chase transferred its mortgage interest in the property to Defendant PennyMac Loan Services ("PennyMac"). (*Doc.* 9, at 12.)

Attempting to remain in her home, Plaintiff filed a Complaint with the Board of Governors of the Federal Reserve System and the Office of the Comptroller of the Currency ("OCC"). This Complaint was unsuccessful. Now, Plaintiff believes the denial of this Complaint was the result of a larger conspiracy with Chase to perpetrate a fraud against her. (*Doc.* 9, at 13.)

In addition to the alleged fraud, Plaintiff suggests that she was not provided adequate notice of: (1) a hearing on an application to lift an automatic stay in her bankruptcy proceeding; (2) a hearing on objections to her Chapter 13 Plan presented in her bankruptcy proceeding; (3) the sheriff sale of the property located at 8 Rose Drive, Saylorsburg PA 18353; and (4) the ejectment proceeding, which removed her from the property located at 8 Rose Drive, Saylorsburg PA 18353. (*Doc.* 9, at 14.) Defendants disagree and note that

---

[2] Plaintiff alleges that Chase released its mortgage lien on the home in January 2013 as a result of a settlement agreement with federal and state agencies. Three months after the settlement, through the Independent Foreclosure Review Board, the Plaintiff was provided a check for $1000.00 and a letter explaining that she was eligible to receive the payment as a result of a settlement between Chase and "federal banking regulators." The Independent Foreclosure Review Board identified her as a victim of "FRAUD" in the foreclosure process. (*Doc.* 9, at 10-11.)

2

she was either provided adequate notice, or notice was not required.[3] (*Doc*. 34, at 2-5.)

Finally, Plaintiff asserts that PennyMac is currently holding unspecified personal property left in the house by Plaintiff and her husband, because Plaintiff's husband "has filed too many lawsuits against [PennyMac]." (Doc. 9, at 15.)

**B.    Procedural History**

On April 11, 2018, Plaintiff filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. After a review of the necessary facts and law, Magistrate Judge Saporito issued an R&R, which recommended that this Court deny Plaintiff's Motion. In response, Plaintiff filed objections and Defendants responded.

This case is now ripe for review.

## II. Legal Standard

**A.    Report and Recommendation**

Where objections to a magistrate judge's R&R are filed, the Court must conduct a *de novo* review of the contested portions. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). This only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). Conversely, for those sections of the R&R to which no objection is made, the court should "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Univac Dental Co. V. Dentsply Int'l, Inc*., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)); see also FED. R. CIV. P. 72(b)(1) (advisory committee's notes).

---

[3]     The Defendants indicate that an Ejectment Action, which Plaintiff was a party, was adjudicated before the Monroe County Court of Common Pleas. Proper notice was provided. (Doc. 34, at 3.) They also contend that Plaintiff was not named as a party in the Foreclosure Action and was therefore not entitled to receive notice of the sheriff sale. (Doc. 34, at 5.)

In conducting a *de novo* review, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g. Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**B.     Preliminary Injunction and Temporary Restraining Order**

The law provides that an injunction is an "extraordinary remedy" that is never awarded as of right. *See Winter v. Natural Resources Defense Council*, 555 U.S. 7, 24, (2008). The Third Circuit Court of Appeals has outlined four factors to consider in ruling on a motion for a preliminary injunction must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. *See Crissman v. Dover Downs Entm't Inc.*, 239 F.3d 357, 364 (3d Cir. 2001). These same factors are used to determine a motion for a TRO. *See Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994).

The court must engage in a delicate balancing of all the elements, and attempt to minimize the probable harm to legally protected interests between the time of the preliminary injunction to the final hearing on the merits. *See Constructors Ass'n of W. Pa. v. Kreps*, 573 F.2d 811, 815 (3d Cir. 1978). The movant, here the Plaintiff, bears the burden of establishing these elements. See *Adams v. Freedom Forge Corp.,* 204 F.3d 475, 486 (3d Cir. 2000).

Furthermore, while a court will consider all four factors, the first two are essential. A court may not grant injunctive relief, "regardless of what the equities seem to require," unless plaintiffs carry their burden of establishing *both* a likelihood of success and irreparable harm. *See Adams v. Freedom Fore Corp.,* 204 F. 3d at 484; *see also Hoxworth v. Blinder, Robinson & Co.,* 903 F.2d 18, 197 (3d Cir. 1990) ("[W]e cannot sustain a preliminary injunction ordered by the district court where either or both of these prerequisites are absent." (quoting *In re Arthur Treacher's Franchisee Litigation*, 689 F.2d 1137, 1143 (3d Cir. 1982)); *Morton v. Beyer,* 822 F.2d 364, 367 (3d Cir. 1987); *Freixent, S.A. v. Admiral Wine & Liquor Co.,* 731 F.2d 148, 151 (3d Cir. 1984); *American Express Travel Related Servs. v. Sidamon-Eristoff,* 669 F.3d at 366,374 (3d Cir. 2012).

### III. Discussion

On April 12, 2018, Magistrate Judge Saporito authored a Report and Recommendation advising this Court to deny Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. In his report, Judge Saporito based his decision on the fact that temporary restraining orders and preliminary injunctions cannot be issued to fix a past harm. He noted that the two harms alleged by Plaintiff, the sheriff's sale and subsequent eviction, occurred before Plaintiff's Complaint was even filed. Thus, he concluded that "in the absence of any allegation of *future* irreparable harm," Plaintiff's motion should be denied. (Report and Recommendation*, Doc. 10*, at 6 (emphasis in original).) I agree with Magistrate Judge Saporito that Plaintiff failed to allege the existence of irreparable harm and therefore I will deny Plaintiff's motion.

**A.     Temporary Restraining Order and Preliminary Injunction: Irreparable Harm**

In response to Magistrate Judge Saporito's R&R, Plaintiff filed a number of objections. Her first, and most relevant, objection was that Magistrate Judge Saporito "[did] not account for the present and ongoing violations of Plaintiff's due process rights" when determining the risk of irreparable harm. (*Doc.* 23, at 3.) Plaintiff did not elaborate about these alleged violations, and has offered no evidence to suggest they amount to a

5

present, irreparable injury.[4] Rather, she relies on this Court to determine whether irreparable harm exists. To that end, I find no ongoing violation, and thus no irreparable harm. Therefore, Plaintiff's objection is without merit.

In order to demonstrate irreparable injury, the Plaintiff must document a "'clear showing of immediate irreparable injury,' or a 'presently existing actual threat . . . .'" *Continental Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (citations omitted). Stated differently, Plaintiff will be unable to show irreparable harm by reference to an injury that has already occurred. *See e.g., Campbell Soup Company v. Conagra, Inc.,* 977 F.2d 86, 92 (3d Cir. 1992); *Ali v. FCI Allenwood,* No. 17-1171, 2017 WL 3008545, at *2 (M.D. Pa. July 14, 2017); *Occupy Denver v. City & Cty. Of Denver*, No. 11-03048, 2011 WL 6096501, at *5 (D. Colo. Dec 7, 2011) ("[T]o obtain a temporary restraining order, which inherently is prospective in nature and effect, the paintiff[] must show that such puissant injunctive relief is necessary to prevent future irreparable injury."); *Milhouse v. Heath,* No. 15-01400, 2016 WL 6821120, at *2 (M.D. Pa. October 5, 2016) *adopted by* 2016 WL 6780755, at *1 (M.D. Pa. November 16, 2016). Here, Plaintiff alleges two past injuries as a basis for a temporary restraining order and preliminary injunction. Specifically, Plaintiff cites the foreclosure of her home in 2015 and her eviction in 2017. Because the harms stemming from these events have already been realized by Plaintiff, they provide an insufficient basis for injunctive relief. This was the basis for Magistrate Judge Saporito's recommendation and I agree with his conclusion.

Because Plaintiff has failed to demonstrate that she will suffer an irreparable injury absent the requested injunctive relief I need not analyze: (1) whether Plaintiff is likely to succeed on the merits; (2) the harm the requested injunction would cause for the Defendants; or (3) the public interest in the requested injunction.[5] *See Adams,* 204

---

[4] This objection is not specific, and thus Magistrate Judge Saporito's R&R could be reviewed for clear error. *See Goney*, 749 F.2d at 6-7. However, in recognition of Plaintiff's *pro se* status, I will review *de novo*.

[5] In total, Plaintiff filed 8 objections. The first concerned irreparable harm and was dealt with in full; one put forth a unreviewably vague constitutional claim;

F. 3d at 484; *see also Hoxworth,* 903 F.2d at 197 (3d Cir. 1990) ("[W]e cannot sustain a preliminary injunction ordered by the district court where either or both of these prerequisites are absent." (quoting *In re Arthur Treacher's Franchisee Litigation*, 689 F.2d at 1143)); *Morton,* 822 F.2d at 367; *Freixent, S.A.,* 731 F.2d at 151; *American Express,* 669 F.3d at 366, 374.

## IV. Conclusion

For the above stated reasons, I will adopt Magistrate Judge Saporito's Report and Recommendation and deny Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction.

An appropriate order follows.

| June 14, 2018 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |

---

four others concerned Plaintiff not receiving proper notice and directly spoke to "success on the merits"; and the final two were related to a request for an evidentiary hearing on the notices. As stated, since Plaintiff failed to show irreparable harm, these do not need to be addressed in detail.