# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUNE GARRETT  Plaintiff,  v.  PENNYMAC LOAN SERVICES, *et al.*,  Defendants. | NO. 3:18-CV-00718  (JUDGE CAPUTO)  (MAGISTRATE JUDGE SAPORITO) |

## **MEMORANDUM ORDER**

Presently before me is Plaintiff June Garrett's appeal (Doc. 75) from Magistrate Judge Saporito's October 10, 2018 Order (Doc. 74) denying Garrett's Motion to Quash (Doc. 73). In her Motion to Quash, Garrett sought to strike a motion to dismiss filed by two Defendants (the "Federal Defendants") on the ground that she had not been served with the motion and its brief in support. (*See* Doc. 73 at 2-4).

Magistrate Judge Saporito explained in his Order that (1) Federal Rule of Civil Procedure 12(f) only allows a court to strike pleadings, not motions; (2) the Federal Defendants' motion papers were properly served even if Garrett did not receive them; and (3) Garrett had actual notice of the motion to dismiss (as her Motion to Quash was filed in response to a prior order directing Garrett to file a brief in opposition). (*See* Doc. 74). Accordingly, Magistrate Judge Saporito denied Garrett's Motion and granted her another extension of time to file a brief in opposition to the Federal Defendants' motion. (*Id.* at 4).

Garrett instead appealed the Order, as is her right. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); M.D. Pa. Local Rule 72.2. But she has not stated a basis for her objection to the Order or filed a brief in support of her appeal, both of which are required under Local Rule 72.2. On that ground alone I can dismiss Garrett's appeal. *Weitzner v. Sanofi Pasteur Inc.*, --- F.3d ---, No. 17-3188, 2018 WL 6175580, at *7 (3d Cir. Nov. 27, 2018) ("It is beyond question that the District Court has the authority to strike filings that fail

to comply with its local rules."). In any event, I find nothing in the Order that is "clearly erroneous or contrary to law." *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998) (quoting 28 U.S.C. § 636(b)(1)(A)). So even if Garrett provided a basis for her objection, it would not have saved her appeal.

Finally, the Federal Defendants ask that I dismiss Garrett's claims against them for failure to comply with court orders, per Federal Rule of Civil Procedure 41(b). (Doc. 76 at 6). That Rule requires that the Federal Defendants first move for dismissal on such a ground, though, *see* Fed. R. Civ. P. 41(b), which has not yet occurred. I therefore decline to consider the Federal Defendants' request.

Accordingly, **NOW**, this 13th day of December, 2018, **IT IS HEREBY ORDERED** that:

(1) The October 10, 2018 Order (Doc. 74) denying Plaintiff June Garrett's Motion to Quash is **AFFIRMED**.

(2) This matter is **RECOMMITTED** to Magistrate Judge Saporito for further proceedings.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge